Opinions of the Colorado Supreme Court are available to the public and can be accessed through the Judicial Branch's homepage at http://www.courts.state.co.us. Opinions are also posted on the Colorado Bar Association's homepage at http://www.cobar.org.

ADVANCE SHEET HEADNOTE
May 30, 2023

**2023 CO 27**

**No. 22SC797, *Hunter Douglas Inc. v. City & Cnty. of Broomfield Bd. of Equalization*—Property—Taxation—COVID-19.**

Section 39-1-104(11)(b)(I), C.R.S. (2022), creates an exception to Colorado's two-year reassessment cycle, instructing assessors to revalue property in the event of "unusual conditions in or related to any real property which would result in an increase or decrease in actual value." Commercial property owners in Broomfield sued to compel the Broomfield assessor to revalue their properties for the 2020 tax year, arguing that COVID-19 and various state and local public health orders issued in response constituted "unusual conditions" under the statute.

On this appeal from a district court order, the supreme court now holds that COVID-19 was not a "detrimental[] act of nature," and the public health orders issued in response were not "regulations restricting . . . the use of the land" under section 39-1-104(11)(b)(I). Thus, the assessor was not required to revalue the

taxpayers' properties for the 2020 tax year.  Accordingly, the court affirms the

district court order granting Broomfield's motion for summary judgment.

**The Supreme Court of the State of Colorado**
2 East 14th Avenue • Denver, Colorado 80203

**2023 CO 27**

**Supreme Court Case No. 22SC797**
*C.A.R. 50 Certiorari to the Colorado Court of Appeals*
Court of Appeals Case No. 22CA695
Broomfield County District Court Case No. 20CV30366
Honorable Sean Finn, Judge

**Petitioners:**

Hunter Douglas Inc.; Hunter Douglas Window Fashions Inc.; Auto Owners
Insurance Company; Cutler Properties LLP; Rathlin Island Investment LLC;
Auyeung Shun Yau; Rangeview Tech Center LLC; Patrick Tash Edu. Group Inc.;
Wonderland Brewing CO LLC; AEW LT Broomfield Town Centre LLC; Dobico
LLC; AWE Property Management LLC; JNT LLC; and BN Investments LLC,

v.

**Respondents:**

City and County of Broomfield Board of Equalization (BOE); and Jay Yamashita
(replacing former Assessor Sandy Herbison), City and County of Broomfield
Assessor.

**Order Affirmed**
*en banc*
May 30, 2023

**Attorneys for Petitioners:**
Law Offices of James P. Bick, Jr PC
James P. Bick, Jr.
        *Chesterfield, Missouri*

Hutchinson Black and Cook, LLC
Glen F. Gordon
    *Boulder, Colorado*


**Attorneys for Respondents:**
Broomfield City & County Attorney's Office,
Nancy C. Rodgers, City and County Attorney
Patricia W. Gilbert, Deputy City and County Attorney
    *Broomfield, Colorado*


**Attorneys for Amici Curiae Assessor for Larimer County; Assessors and Boards of Equalization for Adams County, Arapahoe County, Boulder County, Douglas County, Eagle County, El Paso County, Jefferson County, Mesa County, Routt County, San Miguel County, Weld County, and the City and County of Denver; and Colorado Assessors' Association:**

Adams County Attorney's Office
Meredith P. Van Horn, Assistant County Attorney
    *Brighton, Colorado*

Arapahoe County Attorney's Office
Ronald A. Carl, County Attorney
Benjamin P. Swartzendruber, Assistant County Attorney
    *Littleton Colorado*

Boulder County Attorney's Office
Michael A. Koertje, Assistant County Attorney
    *Boulder, Colorado*

Kathryn L. Schroeder
    *Pueblo West, Colorado*

Denver City Attorney's Office
Charles T. Solomon, Assistant County Attorney
Paige A. Arrants, Assistant County Attorney
    *Denver, Colorado*

Douglas County Attorney's Office

Amy F. Edwards, Senior Assistant County Attorney
*Castle Rock, Colorado*

Eagle County Attorney's Office
Christina C. Hooper, Senior Assistant County Attorney
*Eagle, Colorado*

El Paso County Attorney's Office
Steven Klaffky, Senior Assistant County Attorney
*Colorado Springs, Colorado*

Jefferson County Attorney's Office
Amber Munck, Assistant County Attorney
Jason Soronson, Assistant County Attorney
*Golden, Colorado*

Larimer County Attorney's Office
David P. Ayraud, Deputy County Attorney
*Fort Collins, Colorado*

Mesa County Attorney's Office
Andrea Nina Atencio, Chief Deputy County Attorney—Civil Division
John R. Rhoads, Assistant County Attorney II
*Grand Junction, Colorado*

Routt County Attorney's Office
Erick Knaus, County Attorney
Lynaia M. South, Senior Assistant County Attorney
*Steamboat Springs, Colorado*

San Miguel County Attorney's Office
Amy T. Markwell, County Attorney
*Telluride, Colorado*

Weld County Attorney's Office
Karin McDougal, Assistant County Attorney
*Greeley, Colorado*

**JUSTICE MÁRQUEZ** delivered the Opinion of the Court, in which **CHIEF JUSTICE BOATRIGHT**, **JUSTICE HOOD**, **JUSTICE GABRIEL**, **JUSTICE HART**, **JUSTICE SAMOUR**, and **JUSTICE BERKENKOTTER** joined.

JUSTICE MÁRQUEZ delivered the Opinion of the Court.

¶1     This is one of several cases filed in Colorado in which commercial property owners have sued to compel the county assessor to revalue their properties and lower their property tax assessments for the 2020 tax year to account for the economic impacts of the COVID-19 pandemic. This case concerns the valuation of commercial real property located in the City and County of Broomfield. The taxpayers here—and in the other cases—contend that the pandemic and various state and local public health orders issued in response were "unusual conditions" that required revaluation of their properties under section 39-1-104(11)(b)(I), C.R.S. (2022).

¶2     We accepted jurisdiction under section 13-4-109, C.R.S. (2022), in four of these cases to consider how the "unusual conditions" exception in section 39-1-104(11)(b)(I) applies to the circumstances created by the COVID-19 pandemic during the 2020 property tax year. *See Larimer Cnty. Bd. of Equalization v. 1303 Frontage Holdings LLC*, 2023 CO 28, __ P.3d __; *Educhildren LLC v. Cnty. of Douglas Bd. of Equalization*, 2023 CO 29, __ P.3d __; *MJB Motels LLC v. Cnty. of Jefferson Bd. of Equalization*, 2023 CO 26, __ P.3d __. In *1303 Frontage*, we address *when* an assessor must revalue property based on an unusual condition. There, we conclude that article 1 of title 39 does not require an assessor to revalue real property when an unusual condition occurs after the January 1 assessment date

for the intervening (second) year of the reassessment cycle. *See 1303 Frontage*, ¶ 90; *accord Educhildren,* ¶ 5.

¶3 In this case and in *MJB Motels*, we consider whether the COVID-19 pandemic and the public heath orders issued in response constituted "unusual conditions" for purposes of section 39-1-104(11)(b)(I).[1] We conclude they did not. Specifically, we hold that COVID-19 was not a "detrimental act[] of nature," and the orders issued in response to COVID-19 were not "regulations restricting . . . the use of the land" under section 39-1-104(11)(b)(I). Therefore, section 39-1-104(11)(b)(I) did not require the City and County of Broomfield Assessor to revalue the taxpayers' 2020 property valuations, and it did not require the Board of Equalization to correct the Assessor's valuations. Accordingly, we affirm the order of the district court.

---

[1] We accepted jurisdiction under section 13-4-109 to review the following issues:

1. Whether the district court erred in concluding that the COVID-19 pandemic was not a "detrimental act[] of nature" and, therefore, not an "unusual condition" requiring revaluation of Taxpayers' commercial real property under section 39-1-104(11)(b)(I), C.R.S. 2021.

2. Whether the district court erred in concluding that government-ordered business closures, occupancy limits, and other regulatory measures enacted in response to the COVID-19 pandemic were not "new regulations restricting . . . the use of land" and, therefore, not unusual conditions for purposes of section 39-1-104(11)(b)(I).

## I. Facts and Procedural History

¶4     The petitioners in this case are taxpayers who own commercial real property located in Broomfield. In 2020, the taxpayers appealed their property tax assessments to Sandy Herbison, who was, at the time, the Broomfield Assessor. The taxpayers also appealed their property tax assessments to the City and County of Broomfield Board of Equalization ("BOE"). On October 2, 2020, the BOE denied all of the taxpayers' appeals.

¶5     After exhausting all of their administrative remedies, on October 26, 2020, the taxpayers filed a complaint for mandamus and declaratory relief in Broomfield County District Court. The taxpayers asked the district court to order that (1) Broomfield revalue the taxpayers' properties for the 2020 tax year; (2) the COVID-19 pandemic constituted an unusual condition in the form of a detrimental act of nature; and (3) the public health orders in response to COVID-19 constituted an unusual condition in the form of regulations restricting the use of the land.

¶6     On April 15, 2021, Broomfield filed a motion to dismiss under C.R.C.P. 12(b)(5) for failure to state a claim for relief, contending that, regardless of whether the circumstances here constituted an unusual condition, the statute prohibits considering unusual conditions that occur after the January 1 assessment date. On October 12, 2021, the district court denied the motion to dismiss,

reasoning that "[r]estricting reevaluation to conditions that existed during the Base Period would vitiate the 'unusual conditions' portion of the [s]tatute."

¶7    Both parties moved for summary judgment. The district court granted Broomfield's motion for summary judgment. The district court first concluded that COVID-19 did not constitute a "detrimental act[] of nature" under the "unusual conditions" exception in the statute. The court reasoned that although COVID-19 was "detrimental to the health and welfare of our community, it is not detrimental to the real property." The court also concluded that the public health orders in response to COVID-19 did not constitute "regulations restricting or increasing the use of the land" under the "unusual conditions" exception in the statute. Relying on *LaDuke v. CF & I Steel Corp.*, 785 P.2d 605 (Colo. 1990), the court explained that because the public health orders limited the economic activities on the land rather than the use of the land itself, the "unusual conditions" exception did not apply. Because the court was able to find that there was no unusual condition (and thus no claim upon which relief could be granted), it did not reach the question about when an unusual condition must arise in order to trigger reassessment.

¶8    The taxpayers appealed. The court of appeals filed a motion for determination of jurisdiction requesting that this case and its three companion cases be referred to this court because they raise issues of significant public

8

importance. *See* §§ 13-4-109 to -110, C.R.S. (2022); C.A.R. 50(a). In November 2022, we granted the motion and accepted jurisdiction.

## II. Analysis

¶9 After setting forth the standards of review, we explain why the COVID-19 pandemic did not constitute a "detrimental act[] of nature." *See* § 39-1-104(11)(b)(I). Then, we describe why the public health orders issued in response were not "regulations restricting . . . the use of the land." *See id.*

## A. Standards of Review

¶10 We review an order granting summary judgment de novo. *Dep't of Revenue v. Agilent Techs., Inc.*, 2019 CO 41, ¶ 15, 441 P.3d 1012, 1016. "Summary judgment is appropriate only when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law." *Pulte Home Corp. v. Countryside Cmty. Ass'n*, 2016 CO 64, ¶ 22, 382 P.3d 821, 826.

¶11 We also review de novo questions of statutory interpretation. *Jefferson Cnty. Bd. of Equalization v. Gerganoff*, 241 P.3d 932, 935 (Colo. 2010). "We begin by looking to the express language of the statute, construing words and phrases according to grammar and common usage." *Id.* If the statute's language is unambiguous and "the intent appears with reasonable certainty, our analysis is complete." *Id.*

## B. Detrimental Act of Nature

¶12 The taxpayers first contend that the COVID-19 pandemic was a "detrimental act[] of nature" under section 39-1-104(11)(b)(I). Based on the plain language of the statute, we disagree. *See MJB Motels*, ¶¶ 20–27.

¶13 The exception in section 39-1-104(11)(b)(I) instructs assessors to take into account "any unusual conditions in or related to any real property which would result in an increase or decrease in actual value." To fall within this provision, the unusual condition must be *both* an "act of nature" and "in or related to any real property." *Id.* As we explain in *MJB Motels*, COVID-19 meets neither of these requirements. ¶ 22. Thus, we conclude that COVID-19 was not a "detrimental act[] of nature" for purposes of section 39-1-104(11)(b)(I). *See id.* at ¶¶ 20–27.

## C. Regulations Restricting the Use of the Land

¶14 Next, the taxpayers contend that the public health orders issued in response to COVID-19 constituted regulations restricting the use of their land that triggered revaluation under section 39-1-104(11)(b)(I). Based on the plain language of the statute, we disagree. *See MJB Motels*, ¶¶ 28–36.

¶15 The public health orders regulated the operation of commercial activity on the land, and not the use of the land itself. *See id.* at ¶¶ 29–32. Thus, we conclude that the public health orders were not "regulations restricting . . . the use of the land" under section 39-1-104(11)(b)(I). *See id.* at ¶¶ 28–36.

## III. Conclusion

¶16    Although COVID-19 has undoubtedly had negative, wide-ranging, and lasting impacts, consistent with our decision today in *MJB Motels*, we conclude that COVID-19 was not a "detrimental act[] of nature," nor were the public health orders passed in response "regulations restricting . . . the use of the land" under section 39-1-104(11)(b)(I).    Thus, we affirm the district court's order granting Broomfield's motion for summary judgment.